Filed 6/8/26  P. v. Hernandez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D087440 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVI21003506) |
| ENRIQUE LUIS HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Debra Harris, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Enrique Luis Hernandez of, among other counts, one count of sexual penetration by force of a victim under the age of 14 (Pen. Code, § 289, subd. (a)(1)(B); count 8).  In a bifurcated proceeding, the court

found true five aggravating factors. Hernandez was sentenced to a cumulative prison term of 20 years plus 145 years to life, including a 12-year, upper-term sentence for count 8.

On appeal, Hernandez claims insufficient evidence of force, violence, duress, menace, or fear of immediate and unlawful bodily injury supports his conviction of count 8. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we disagree and affirm.

## I.

Hernandez is I.R.'s mother's cousin.

## A.

At trial, I.R. testified that from the time she was around six years old until she was 13, Hernandez touched her sexually about 20 times.

The last time Hernandez sexually touched I.R. was July 4, 2021, when she was 13 years old. I.R. was at her godmother's house, and Hernandez was living in a trailer in the front yard. Hernandez "grabbed [I.R.] and pulled [her] inside his trailer." I.R. "didn't go willingly."

Once I.R. was in the trailer, Hernandez pulled her pants down. He then "put his hand over [her] back[,] and he . . . stuck something inside of [her]." He put a "round," "bumpy" object that "hurt" and "went in and out" "[i]nside [her] vagina." While Hernandez was doing this, I.R. "was telling him to stop." I.R. confirmed she was "trying to get away," explaining that she "was trying to move but he had his hand on [her] back" while she was facedown. She "felt, like, something came out of [her]," and then Hernandez stuck his penis inside her vagina and had sex with her. She tried to scream for help, but he "told [her] to shut up and not make any noise."

2

The incident lasted about 20 minutes.  Afterward, Hernandez told I.R. that if she "ever told anybody, that he was going to come and hurt [her]."

B.

During an interview with law enforcement, a videotape of which was played for the jury, Hernandez described the incident in the trailer.  He claimed he had been using a sex toy when I.R. entered his trailer to let him know food was ready.  He told her to come over to him, turn around, and "slightly bend over[] or like hunch over."  He said he only "tapped her" with his hand to get her to bend over.  Hernandez then pulled down her pants, stuck his index finger inside her vagina, took out his finger, and began rubbing his penis "[b]etween her thighs," "[t]owards the vagina."  His penis then "went in," he thrust twice, and he ejaculated outside her.  He said, "I'm sorry, I got excited."  She looked "[s]urprised," and Hernandez told her, "[D]on't tell no one, please."

At trial, Hernandez testified that what he said during the interview "was a complete lie" because his family "has a history of being dealt [with] []poorly . . . [by] law enforcement."  He denied that the incident in the trailer happened.

II.

Hernandez contends his conviction of sexual penetration by force of a victim under the age of 14 must be reversed because it is not supported by substantial evidence and violates due process.  Specifically, Hernandez challenges the sufficiency of the evidence that the penetration was achieved through "force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person."  (Quoting § 289(a)(1)(B).)  We conclude otherwise.

3

We review a challenge to the sufficiency of the evidence for substantial evidence. In doing so, we examine the entire record in the light most favorable to the prosecution to determine if a rational factfinder could find the essential elements of the crime beyond a reasonable doubt. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Substantial evidence is reasonable, credible evidence of solid value, even if circumstantial. (*Ibid.*) "Conflicts and even testimony [that] is subject to justifiable suspicion do not justify" reversal. (*People v. Maury* (2003) 30 Cal.4th 342, 403.) We will not reverse unless under "no hypothesis" whatsoever could substantial evidence support the jury's verdict. (*Zamudio*, at p. 357 [cleaned up].) A single witness's testimony may constitute substantial evidence. (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1052.)

"Force" in this context means "force sufficient to overcome the victim's will." (*In re Asencio* (2008) 166 Cal.App.4th 1195, 1205.) "'Force' includes circumstances where the victim did not want to engage in the act and did not positively cooperate with it. Force includes efforts to move and to position the victim's body." (*People v. Aguilar* (2019) 41 Cal.App.5th 1023, 1026.) Physically immobilizing the victim also can constitute force. (*Asencio*, at pp. 1205-1206.)

Here, Hernandez dragged an unwilling I.R. into his trailer. Once inside, Hernandez pulled I.R.'s pants down, "put his hand over [her] back," and "stuck something inside of [her]." I.R. told him to stop and tried to get away, but Hernandez held her in place with his hand on her back. This is substantial evidence from which a reasonable jury could have concluded beyond a reasonable doubt that Hernandez sexually penetrated I.R. "by means of force" beyond that included in the act of penetration itself. (§ 289(a)(1)(B).)

4

In his reply brief, Hernandez relies on cases addressing the use of force under section 288(b), which proscribes the willful and lewd commission of certain "lewd or lascivious act[s]" on children "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person."  But the meaning of "force" in section 288(b) is different from that in section 289(a).  (See *People v. Griffin* (2004) 33 Cal.4th 1015, 1026; *People v. McCann* (2019) 41 Cal.App.5th 149, 156.)  Under section 288(b), the requisite force must "be 'substantially different from or substantially greater than that necessary to accomplish the lewd act itself.'" (*People v. Soto* (2011) 51 Cal.4th 229, 242.)  The section 288(b) cases on which Hernandez relies accordingly do not help him because force that may be insufficient under section 288(b) can be adequate under section 289(a).

Section 289(a)(1)(B) is stated in the disjunctive.  As we conclude there was substantial evidence Hernandez sexually penetrated I.R. using force, we need not address whether there was substantial evidence he also did so by other proscribed means.

III.

We affirm.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


RUBIN, J.

5